UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TOM RODGERS,
    Plaintiff,

vs.                              07-1143

MCLEAN COUNTY DETENTION FACILITY, et.al.,
    Defendants.

## ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

    The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the McLean County Detention Facility in Bloomington, Illinois. The plaintiff has named five defendants including the McLean County Detention Facility and Correctional Officers Lori Adams, Thomas Schroeder, Thomas Rena and Diana Hughes.

    The plaintiff alleges that the defendants violated his Eighth Amendment rights on May 17, 2006, when they used excessive force against the plaintiff. The plaintiff says he turned himself in on a misdemeanor warrant. The plaintiff says while he was searched he was repeatedly stunned by the defendants with a Taser and sustained several abrasions to his knees, arms and legs. The plaintiff has attached the defendants' incident reports to his complaint.

    The officers state the plaintiff repeatedly refused to comply with verbal commands. When an officer grabbed the plaintiff's arm to prevent him from taking items on a desk, a scuffle began. The officers claim the plaintiff began fighting with the officers and they attempted to use a Taser several times to subdue him. The officers say it was difficult to use the Taser due to the fight. The officers also claim they suffered injuries during the incident.

    The plaintiff is asking for "the charges of aggravated battery, resisting, obstructing and disarming an officer to be dismissed." (Comp., p. 7) The plaintiff is also asking for damages and a review of the use of the Taser at the McLean County Detention facility.

    The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) which states:

[w]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Although it appears from the plaintiff's complaint that the criminal charges are still pending, his excessive force claim is still barred. The Seventh Circuit has "not limited the application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892 (7th Cir. 2001). To find the defendants used excessive force in the May 17, 2006 incident would imply the invalidity of convictions for aggravated battery, resisting, obstructing and disarming an officer.

The court also notes that the plaintiff may not sue the McLean County Detention Facility because a jail is not a legal entity and thus not a proper §1983 defendant.

**IT IS THEREFORE ORDERED that:**

1. **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs.**

2. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

3. **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4. **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this ___2nd____ day of July, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE